■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MICHAEL M., Appellant.— Judgment unanimously affirmed. Memorandum: The testimony of the witness Wytzka, that the man she saw hurriedly leave the building where the alleged crime was committed and get in a car was the same man she had

twice seen a short time previously and a couple of weeks later at the Geddes Town Hall, was improperly received on the trial and considered by the trial court. Prior to trial defendant moved to suppress any identification of defendant by Mrs. Wytzka. From her testimony on the suppression hearing it appeared her main observation of him was of his boots and seeing him from the rear, and she never saw him face-to-face. At police headquarters the same night he alone was placed in a show-up, and she identified him from the back and from a pair of boots he had similar to those she had seen earlier. At the close of the hearing the Judge ruled that the rear view of the defendant by Mrs. Wytzka was too sketchy, that her identification might well in fact have been bolstered by viewing the defendant at the police show-up and that her identification testimony, as a matter of law, was inadmissible at the trial. Despite the exclusionary ruling made on the suppression hearing, the Trial Judge permitted the identification testimony of the witness Wytzka to be given at the trial, and at its conclusion found that the identification of the defendant by Mrs. Wytzka was positive and definite. While the trial court was in error in receiving and crediting such identification testimony, the positive identification by Mrs. Muller, the victim of the crime, of the man she had 15 minutes to observe in her apartment as the defendant, and the court's proper finding that such identification was not tainted by her viewing of him at police headquarters, as well as Mrs. Wytzka's accurate identification of the license number and color of the car used, provided such convincing proof connecting the defendant with the commission of the crime, that the consideration given the Wytzka identification of the defendant by the court did not constitute reversible error. (Appeal from judgment of Onondaga Supreme Court, adjudicating defendant a youthful offender.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.